"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| KATHRYN S. AGUILAR, | Case No. ED CV 15-00576-DFM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| CAROLYN COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Kathryn S. Aguilar ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying her applications for Social Security disability benefits. On appeal, the Court concludes that the ALJ satisfied his burden at step five of the sequential process. The ALJ's decision is therefore affirmed and the matter is dismissed with prejudice.

**I.**

**BACKGROUND**

Plaintiff filed applications for Social Security Disability Insurance Benefits and Supplemental Security Income in January 2010, alleging disability beginning April 15, 2006. Administrative Record ("AR") 90-93,

1  622A-622F. On May 15, 2013, a hearing was held on Plaintiff's claims for

2  benefits. AR 748-73. The ALJ issued an unfavorable decision on June 14,

3  2013. AR 18-31. The ALJ determined that Plaintiff had the residual functional

4  capacity ("RFC") to perform light work with certain restrictions, including a

5  sit/stand option.[1] AR 23. Relying on the testimony of a vocational expert

6  ("VE"), the ALJ found that Plaintiff could not perform her past relevant work,

7  but was able to perform other work, including work as a packager, inspector,

8  and assembler. AR 30-31. After the Appeals Council denied further review,

9  this action followed. AR 5-7.

**II.**

**ISSUE PRESENTED**

12  The parties dispute whether the ALJ properly determined that Plaintiff

13  could perform alternative work. See Joint Stipulation ("JS") 5.

**III.**

**DISCUSSION**

16  **A.    Relevant Background**

17  At the administrative hearing, the ALJ asked the VE to consider a

18  hypothetical person of Plaintiff's age, education, and background who could

19  perform work at the light exertional level, but was limited by a sit/stand option

20  along with the other restrictions included in Plaintiff's RFC. AR 768-69. The

21  VE testified that such a person would not be able to perform Plaintiff's past

22  relevant work, but an individual fitting such a description would be able to

---

[1] Specifically, the ALJ found that Plaintiff could perform light work, but would need a "sit and stand option," was limited to simple and repetitive tasks and occasional climbing, balancing, stooping, kneeling, crouching and crawling, and should avoid concentrated exposure to hazards and working around heights and machinery. AR 23 (citing 20 C.F.R. §§ 404.1567(b), 416.967(b)).

1  perform the jobs of packager (Dictionary of Occupational Titles ("DOT")

2  559.687-074), inspector (DOT 727.687-066), and assembler (DOT 731.687-

3  034). AR 769. After the VE responded to other hypotheticals and questions,

4  Plaintiff's counsel asked the VE whether he had assumed an at-will sit/stand

5  option. AR 769-71. The VE confirmed that he had considered an at-will

6  sit/stand option. AR 771. Plaintiff's counsel then asked whether the other

7  work identified would be impacted by the need to sit/stand at will. Id. The VE

8  responded that the three jobs identified were not impacted, as they were

9  "bench work in nature." Id. Finally, in response to the ALJ's inquiry, the VE

10  testified that his testimony had been according to the DOT. Id.

11  **B.      Applicable Law**

12          At step five of the five-step process, the Commissioner has the burden to

13  demonstrate that the claimant can perform some work that exists in

14  "significant numbers" in the national or regional economy, taking into account

15  the claimant's RFC, age, education, and work experience. Tackett v. Apfel,

16  180 F.3d 1094, 1100 (9th Cir. 1999); 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§

17  404.1560(c), 416.960(c). The Commissioner may satisfy that burden either

18  through a VE's testimony or by reference to the Medical-Vocational

19  Guidelines appearing in 20 C.F.R. part 404, subpart P, appendix 2. See

20  Tackett, 180 F.3d at 1100-01. When a VE provides evidence about the

21  requirements of a job, the ALJ has a responsibility to ask about "any possible

22  conflict" between that evidence and the DOT. See SSR 00-4p, 2000 WL

23  1898704, at *4 (Dec. 4, 2000); Massachi v. Astrue, 486 F.3d 1149, 1152-54 (9th

24  Cir. 2007) (holding that ALJ must ask the VE whether testimony conflicts with

25  DOT). When such a conflict exists, the ALJ may accept VE testimony that

26  contradicts the DOT only if the record contains "persuasive evidence to

27  support the deviation." Pinto v. Massanari, 249 F.3d 840, 846 (9th Cir. 2001)

28  (quoting Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)); see also

Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008) (finding error when "ALJ did not identify what aspect of the VE's experience warranted deviation from the DOT").

**C.     Analysis**

Plaintiff contends that the VE's testimony that the other jobs identified could be performed with a sit/stand option conflicted with the DOT and the ALJ erred by failing to obtain an explanation for the deviation from the VE. See JS 5-11, 16-18. The Court finds that the ALJ did not err.

The DOT does not provide information regarding the availability of a sit/stand option or other need to alternate between sitting and standing during the workday for the jobs identified by the VE. See DOT 559.687-074 (packager), DOT 727.687-066 (inspector), and DOT 731.687-034 (assembler); see also Wester v. Colvin, No. 14-1212, 2015 WL 4608139, at *4 (C.D. Cal. July 31, 2015) ("The DOT provides no information regarding the availability of a sit/stand option or other need to shift positions between sitting and standing during the workday for any of the jobs it covers."); Strain v. Colvin, No. CV 13-01973-SH, 2014 WL 2472312, at *2 (C.D. Cal. June 2, 2014) (concluding that "the DOT simply does not address sit/stand options").

There is no controlling Ninth Circuit law addressing whether a VE's testimony conflicts with the DOT when the DOT is silent regarding a sit/stand option. See, e.g., Dewey v. Colvin, No. 13-36086, 2016 WL 3018800, at *1 (9th Cir. May 26, 2016) (unpublished; finding "no conflict" as "the DOT is silent on whether the jobs in question allow for a sit/stand option"); Buckner-Larkin v. Astrue, 450 F. App'x 626, 628-29 (9th Cir. 2011) (unpublished; finding that "conflict" between at-will sit/stand option and DOT was adequately addressed by VE). District courts in the Ninth Circuit are divided on whether a conflict exists for limitations not addressed by the DOT, including sit/stand options. See Wester, 2015 WL 4608139, at *5 (collecting

4

1 | cases); see also JS at 8-9.

2 |     The Court agrees with the decisions that have found no conflict arises

3 | when the DOT does not address whether jobs accommodate a sit/stand

4 | option. See, e.g., Dewey, 2016 WL 3018800, at *1; Doty v. Colvin, No. CV

5 | 15-00507, 2016 WL 1089171, at *5 (C.D. Cal. Mar. 18, 2016) (finding "no

6 | conflict" between VE's testimony and the DOT "when the DOT is silent about

7 | a particular mental or physical requirement"); Strain, 2014 WL 2472312, at *2

8 | ("Because the DOT does not address the subject of sit/stand option, it is not

9 | apparent that the testimony of the VE conflicts with the DOT"); Winder v.

10 | Colvin, No. 13-1960, 2014 WL 4060010, at *4 (C.D. Cal. Aug. 14, 2014)

11 | ("This Court agrees with the decisions that decline to find an 'apparent'

12 | conflict when the DOT is silent about a particular mental or physical

13 | requirement and the claimant's counsel failed to raise or identify any conflict

14 | to the ALJ."). Thus, the ALJ did not err in relying on the VE's testimony.

15 |     Moreover, even if a conflict existed, the VE offered sufficient support for

16 | his conclusion. As discussed, the VE testified that the jobs identified could be

17 | performed with an at-will, sit/stand option. AR 768-69, 771. When Plaintiff's

18 | counsel specifically asked about the impact of such a limitation, the VE

19 | explained that the jobs would not be impacted because they involved bench

20 | work. AR 771; see DOT 727.687-066 (inspector); DOT 731.687-034

21 | (assembler).[2] Plaintiff's counsel declined to ask the VE any additional

22 |

23 |     [2] The Court notes that the packager job (DOT 559.687-074) is a processing occupation, rather than a benchwork occupation, as indicated by

24 | the VE. AR 769, 771. However, any error in the ALJ's reliance on the VE's mischaracterization of the packager job is harmless, given that the VE cited to

25 | the two other benchwork jobs that Plaintiff can perform that exist in significant

26 | numbers in the national economy, i.e. inspector (400,000 jobs nationally;

27 | 20,000 jobs in region) and assembler (235,000 jobs nationally; 10,600 jobs in region). AR 769; see Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055

28 |

1  questions. The ALJ then properly inquired and confirmed that the VE's

2  testimony was consistent with the DOT. See Massachi, 486 F.3d at 1152-54;

3  SSR 00-4p. Thus, there was substantial evidence to support the VE's testimony

4  and the ALJ did not err in concluding that Plaintiff could perform other work.

5  Remand is not warranted on Plaintiff's claim of error.

## IV.

## CONCLUSION

For the reasons stated above, the decision of the Social Security

Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated: September 12, 2016

DOUGLAS F. McCORMICK
United States Magistrate Judge

27  (9th Cir. 2006) (defining harmless error as such error that is "inconsequential
28  to the ultimate nondisability determination").